UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SAMMY PERU, | ) CASE NO.  CV 04-1197 MAN |
| Plaintiff, | ) MEMORANDUM OPINION AND ORDER |
| v. | ) |
| JOANNE B. BARNHART, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

Plaintiff filed a complaint on February 26, 2004, seeking review of the decision of the Social Security Commissioner ("Commissioner"), denying his application for disability insurance benefits ("DIB"). 42 U.S.C. § 405(g).  On March 25, 2004, the parties filed a "Consent to Proceed Before a United States Magistrate Judge," pursuant to 28 U.S.C. § 636(c).  The parties filed a Joint Stipulation on November 29, 2004, in which:  Plaintiff moves for an order reversing the Commissioner's decision denying benefits and awarding benefits or, alternatively, remanding the case; and Defendant requests that the Commissioner's decision be affirmed.  The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff filed an application for DIB on June 18, 2002. (Administrative Record ("A.R.") 70-74.)  Plaintiff claims to have been disabled since January 20, 2001, due to panic disorder with agoraphobia. (A.R. 16-17, 70, 88.)  He has relevant work experience as a printer. (A.R. 17, 89.)

The Commissioner denied Plaintiff's claim for benefits initially and upon reconsideration.  On March 21, 2003, Plaintiff, who was represented by counsel, appeared personally and testified at a hearing before Administrative Law Judge ("ALJ") Richard Wurdeman.  (A.R. 21-47.)  On June 25, 2003, the ALJ affirmed the denial of benefits.  (A.R. 13-20.) On January 15, 2004, the Appeals Council denied Plaintiff's request for review of the ALJ's decision.  (A.R. 4-6.)

**SUMMARY OF THE ALJ'S FINDINGS**

At the March 21, 2003 hearing, the ALJ questioned Plaintiff about his claimed impairments and related symptoms.  (A.R. 21-47.)  In addition, Freeman Leeth, a vocational expert, testified.  (*Id.*)

In his June 25, 2003 written decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 20, 2001, his alleged onset date.  (A.R. 19.)  The ALJ found that Plaintiff has "severe" mental impairments of depression and panic disorder, but that such impairments do not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  (*Id.*)  The ALJ found that

Plaintiff's complaints were not credible. (A.R. 18, 20.) The ALJ found that Plaintiff has the residual functional capacity to perform at an unlimited physical capacity with "limitation to occasional public contact and preclusion from work requiring high quota production expectations." (A.R. 20.) The ALJ further found that Plaintiff cannot perform his past relevant work as a printer, but could perform other jobs in the national economy, such as a cleaner and night watchman. (*Id.*) Accordingly, the ALJ found that Plaintiff was not "disabled" within the meaning of the Social Security Act. (*Id.*)

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine if it is free from legal error and supported by substantial evidence. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's decision must stand if it is supported by substantial evidence and it applies the appropriate legal standards. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). Substantial evidence is "more than a mere scintilla, but less than a preponderance." *Id*. (internal citations and quotes omitted).

The Commissioner ordinarily resolves conflicts in the evidence, and this Court must uphold the Commissioner's conclusions if the record reasonably supports more than one rational interpretation of the evidence. See Sprague v. Bowen, 812 F.2d 1226, 1229 (9th Cir. 1987); see also Flaten v. Secretary, 44 F.3d 1453, 1457 (9th Cir. 1995). However, the Court may not affirm the Commissioner's decision simply by isolating a quantum of supporting evidence. See Hammock v. Brown, 879 F.2d 498,

501 (9th Cir. 1989). The Court must consider the record as a whole. *See* Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986).

## DISCUSSION

Plaintiff raises one issue, namely, that the ALJ failed to properly assess Plaintiff's alleged mental impairments. (Joint Stip. at 6.) Plaintiff contends that the ALJ failed to properly consider the opinions of Dr. Karen Lee, Plaintiff's treating psychiatrist. Plaintiff further contends that the ALJ committed legal error by not determining whether Plaintiff met the criteria in Listing 12.04(C) after establishing that Plaintiff suffers from the severe impairments of depression and panic disorder.[1] (A.R. 18, 19.)

---

[1] Listing 12.04(C) sets forth that a claimant claiming disability from a depressive or panic disorder must show:

C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:

    1. Repeated episodes of decompensation, each of extended duration; or

    2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or

    3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

4

**A.   The Record Should Be Developed And Clarified Regarding The Opinion Of Dr. Lee, Plaintiff's Treating Psychiatrist.**

In her March 18, 2003 Evaluation Form, Plaintiff's treating psychiatrist, Dr. Lee, found that he is: "nervous when meeting new people"; "feel[s] most comfortable working independently"; "is comfortable setting limits as needed as well as maintain[ing] boundaries"; and "is able to follow and understand simple written or oral instructions." (A.R. 160.) Dr. Lee noted that, "[w]hen [Plaintiff] was offered a promotion he chose to not take the opportunity due to his anxieties and discomfort delegating work and/or having to interact with people on a more frequent basis." (*Id.*)

The ALJ rejected the assessment completed by Dr. Ashraf Elmashat, an examining psychiatrist, who found that Plaintiff had no functional limitations related to a mental impairment, finding that "Dr. Elmashat did not properly consider the medical records indicating severe mental impairment . . . and did not have access to the March 2003 opinion of [Dr. Lee]." (A.R. 17, 18.) Similarly, a September 19, 2002 Psychiatric Review Technique form completed by a state agency physician, which also concluded that Plaintiff did not have a "severe" mental impairment, was "given little weight" by the ALJ. (A.R. 18.) The ALJ specifically noted that he gave "the greatest weight to the March 2003 opinion of [Dr. Lee] that is [supported] by [Plaintiff's] treatment records at exhibits 1F and 7F." (*Id.*) Thus, based upon Dr. Lee's assessment, the ALJ found that Plaintiff was limited to "occasional public contact" and precluded from "work requiring high quota or production expectations." (*Id.*)

The determination of whether the ALJ properly assessed Plaintiff's residual functional capacity -- the narrow issue raised by the parties -- hinges upon whether the ALJ properly translated the opinions of Dr. Lee, Plaintiff's treating psychiatrist, into appropriate limitations on Plaintiff's ability to work. Here, the residual functional capacity found by the ALJ is not taken directly from Dr. Lee's March 2003 opinion. While the ALJ's residual functional capacity assessment is not wholly inconsistent with Dr. Lee's opinion, it is not clear that the inferences drawn by the ALJ in assessing Plaintiff's residual functional capacity necessarily are supported by Dr. Lee's opinion.

It is, therefore, necessary to develop the record as to how Dr. Lee more precisely defined Plaintiff's limitations in a work-like setting. 20 C.F.R. §§ 404.1512(e), 416.912(e) (duty to re-contact treating physician); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002)(requirement in 20 C.F.R. § 416.912(e) that the Commissioner re-contact treating sources is triggered where the information from the treating sources is inadequate to make a determination regarding disability). In cases involving mental impairments, the duty to develop the record is heightened, "'[b]ecause mentally ill persons may not be capable of protecting themselves from possible loss of benefits by furnishing necessary evidence.'" DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991)(quoting from Social Security Ruling 83-20).

The Court does not reach the argument that the ALJ failed to properly address whether Plaintiff's impairments met or equaled the criteria set forth in Listing 12.04(C). After the record is further

developed, as described above, the ALJ can reassess whether Plaintiff's claimed impairments meet Listing 12.04.[2]

Accordingly, the case is remanded for further development of the record from Plaintiff's treating doctor(s) regarding how Plaintiff's mental health impairments translate into functional limitations on his ability to work.

**B.   Remand Is Required.**

Having found the ALJ's decision deficient for the reasons noted above, the Court must decide whether to award benefits or remand for further proceedings.  Where, as in this case, there are errors in the ALJ's findings, remand is appropriate to allow the ALJ the opportunity to remedy those inadequacies and errors.  *See* McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record).

///
///
///
///

---

[2]   The Court notes that, although Plaintiff reportedly had panic attacks since age six, he was able to perform his past relevant work as a printer from September 1990, until the company at which he worked closed in January 2001.  (A.R. 26-27 -- Plaintiff's testimony that he began experiencing anxieties at age six, and was able to work until after he was laid off from work; 97 -- Plaintiff's June 14, 2002 Work History Report.)  Furthermore, the record, at present, fails to show any significant worsening of Plaintiff's symptoms from Plaintiff's alleged onset date, January 20, 2001, until June 25, 2003, the date of the ALJ's decision.

7

**CONCLUSION**

Accordingly, for the reasons stated above, the denial of benefits is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order. Judgment shall be entered reversing the decision of the Commissioner, and remanding the matter for further administrative action consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 18, 2005

                                              /S/
                              MARGARET A. NAGLE
                      UNITED STATES MAGISTRATE JUDGE