UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY PERU, | Case No. CV 04-1197-MAN |
| Plaintiff, | |
| v. | ORDER RE: MOTION FOR ATTORNEY FEES PURSUANT TO |
| MICHAEL J. ASTRUE,[1] Commissioner of the Social Security Administration, | 42 U.S.C. § 406(b) |
| Defendant. | |

On January 19, 2007, counsel for plaintiff filed a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), with a supporting memorandum of points and authorities and declaration by plaintiff's counsel, Lawrence D. Rohlfing of the Law Offices of Lawrence D. Rohlfing (collectively, the "Motion"). The Motion requests payment of attorney's fees in the total amount of $14,000 for 21.6 hours of work expended before this Court, *i.e.*, 14.6 hours of attorney time and 7 hours of paralegal time. On February 2, 2007, defendant filed a Response and

---

[1] Michael J. Astrue became the Commissioner of the Social Security Administration on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he is substituted in place of former Commissioner Joanne B. Barnhart as the Defendant in this action.

Objection to Plaintiff's Counsel's Application for Payment of Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Response"). On February 7, 2007, plaintiff's counsel filed a Reply ("Reply"). On October 16, 2008, plaintiff's counsel filed a Notice of Additional Authority. On November 7, 2008, plaintiff's counsel filed Counsel's Submission of the Statement of Sammy Peru and Response. Having considered all documents filed and for the reasons stated below, the Court concludes that the Motion should be granted.

## BACKGROUND

Plaintiff's counsel represented plaintiff before the United States District Court pursuant to a contingency fee agreement ("Agreement"), which provides in Paragraph 3 for attorney's fees of **"a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court."** (Motion at 3, Declaration of Lawrence D. Rohlfing ("Decl.") at ¶ 2, Exhibit 1; emphasis in original.) On August 18, 2005, the Court remanded this case for further administrative proceedings. On remand, the Commissioner issued a decision granting plaintiff's application for benefits. (Motion at 3, Decl. ¶ 3, Exhibit 2.) Plaintiff was subsequently awarded $78,361.52 in retroactive benefits, of which $19,590.38 (*i.e.,* 25 percent of $78,361.52) was withheld for attorney's fees. (Motion at 3, Decl. ¶ 4, Ex. 3.) Pursuant to stipulation of the parties and Order of this Court filed on October 11, 2005, plaintiff's counsel was awarded the sum of $2,900.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (Motion at 3.)

**APPLICABLE LAW**

Section 406(b) of Title 42 provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . . In case of any such judgment, no other fee may be payable . . . for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).[2]

In <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789 (2002), the Supreme Court held that Section 406(b)

> does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one

---

[2] For representation of a benefits claimant at the administrative level, an attorney may file a fee petition or fee agreement. 42 U.S.C. § 406(a). In the event of a determination favorable to the claimant, the Commissioner "shall . . . fix . . . a reasonable fee" for the attorney's services. 42 U.S.C. § 406(a)(1).

> boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within this 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807 (citations omitted).

The hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement." Gisbrecht, 535 U.S. at 808. The Court appropriately may reduce counsel's recovery

> based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id.* (citations omitted); *see also* Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975)(identifying factors relevant to adjustment of an attorney's lodestar figure).

Significantly, since Gisbrecht, district courts have been deferential to the terms of contingency contracts in Section 406(b)

cases, recognizing that the resulting *de facto* hourly rates typically exceed those for non-contingency fee arrangements. See Ellick v. Barnhart, 445 F. Supp. 2d, 1166, 1169-71 (C.D. Cal. 2006)(surveying post-Gisbrecht cases and finding decisions approving fee awards involving range of net hourly rates of up to $982 per hour); Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003)(awarding $25,132.50 in Section 406(b) fees, equivalent to $450 per hour, and citing, *inter alia*, Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va. 2002)(awarding $10,189.50, equivalent to $605 per hour), and Coppett v. Barnhart, 242 F. Supp. 2d 1380 (S.D. Ga. 2002)(awarding $6,554.12, equivalent to $350.49 per hour)); *see also* Mudd v. Barnhart, 418 F.3d 424, 427 (4th Cir. 2005)(affirming denial of motion challenging $12,231.50 fee award equivalent to 25% of past benefits and hourly rate of $736.84); Blizzard v. Astrue, 496 F. Supp. 2d 320, 324 (S.D.N.Y. 2007)(approving $26,798.25 fee award equaling 25% of past benefits and amounting to an hourly rate of $705); Koester v. Astrue, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007)(finding $16,890 fee award amounting to 25% of past benefits and hourly rate of $580.67 to be reasonable and rejecting characterization of award as "windfall").

**DISCUSSION**

The Court finds that the Motion demonstrates that "the fee sought is reasonable for the services rendered" and is less than the agreed-upon 25 percent of past-due benefits.[3] Neither "the character of the representation" nor "the results the representative achieved"

---

[3] 25% of $78,361.52 equals $19,590.38.

suggest the unreasonableness of the fee sought.  Plaintiff's counsel was not responsible for any significant delay in securing plaintiff's benefits.  Nothing in the record before the Court suggests that there was any overreaching in the making of the fee agreement or any impropriety on the part of counsel in his representation of plaintiff before this Court.

The Court notes that it has reviewed the letter from plaintiff, dated October 23, 2008, in which plaintiff sets forth his objections to counsel's request for attorney's fees under 42 U.S.C. § 406(b).  While the Court sympathizes with plaintiff's current economic situation, the Court reminds plaintiff that he entered into a contingency fee agreement with his counsel in which plaintiff agreed to pay **"a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court."**  (Exhibit 1; emphasis in original.)  Indeed, counsel assumed the risk of total nonpayment inherent in such a contingency agreement, the agreed-upon contingent fee does not exceed the 25% statutory cap, and counsel is seeking less than the 25% fee to which plaintiff agreed.

In view of these circumstances and of the range of hourly rates charged for legal services in the Los Angeles area, the Court finds the combined *de facto* rate of $648.15 for combined attorney and paralegal time[4] and the total fee of $14,000.00 to be reasonable under the inquiry called for by Gisbrecht.

---

[4]   $14,000 divided by 21.6 hours (14.6 attorney hours plus 7 paralegal hours) equals $648.15.

**CONCLUSION**

For the reasons set forth above, the Motion is GRANTED. Section 406(b) fees are allowed in the gross amount of $14,000, to be paid out of the total amount withheld by the Commissioner from plaintiff's benefits. In view of the previous payment of EAJA fees in the amount of $2,900 paid to counsel, the Commissioner shall certify payment to counsel of a net fee of $11,100. The balance of the withheld funds shall be paid to plaintiff.

IT IS SO ORDERED.

DATED: June 23, 2009

                                        /s/
                               MARGARET A. NAGLE
                         UNITED STATES MAGISTRATE JUDGE